**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1287-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GERMANIA TERRERO,

     Defendant-Appellant.

_____

Submitted August 10, 2020 – Decided August 31, 2020

Before Judges Moynihan and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 09-07-1251.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Germania Terrero was convicted by jury of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as a lesser-included offense of murder; two counts of first-degree felony murder, in the course of a robbery and in the course of a burglary, N.J.S.A. 2C:11-3(a)(3); first-degree robbery and conspiracy to commit first-degree robbery, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:5-2; second-degree burglary and conspiracy to commit second-degree burglary, N.J.S.A. 2C:18-2 and N.J.S.A. 2C:5-2; and related theft and weapons charges. She was sentenced to thirty years in prison. We affirmed the conviction.[1] State v. Terrero, No. A-0399-11 (App. Div. June 4, 2013) (Terrero I). We also affirmed the denial of her first post-conviction relief (PCR) petition. State v. Terrero, No. A-1635-15 (App. Div. June 8, 2017) (Terrero II).

This appeal stems from the PCR court's denial of defendant's application for assignment of the Office of the Public Defender (OPD) to represent her on her second PCR because "[d]efendant's petition . . . failed to show a basis on its face to preclude dismissal," and "all of defendant's alleged claims are time

---

[1] The facts of the case, most of which are not pertinent to this appeal, are comprehensively set forth in the direct-appeal opinion.

barred pursuant to [Rule] 3:22-12(a)(2)."  Defendant does not challenge the

latter part of the court's order, but argues in her merits brief:

> THE [PCR] COURT ERRED IN FAILING TO APPOINT THE PUBLIC DEFENDER TO REPRESENT DEFENDANT AND IN DENYING AN EVIDENTIARY HEARING ON DEFENDANT'S SECOND PETITION FOR [PCR].

In a pro se reply brief, which she termed a "supplemental brief," she argues:

> PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, AND THEREBY THE RIGHTS OF DUE PROCESS WHEN HER APPELLATE COUNSEL CONCEDED THAT EVIDENCE ESTABLISHED THAT DEFENDANT KNOWINGLY PARTICIPATED IN THE BURGLARY AND ROBBERY OF THE RESTAURANT – THIS CONCESSION WAS DETRIMENTAL TO THE DEFENDANT DIRECTLY SERVING TO SUPPORT LIABILITY FOR FELONY MURDERS, PROHIBITING ANY RELIEF IN SUBSEQUENT APPEALS.

Notwithstanding the PCR court's failure to comply with Rule 1:7-4(a),

which mandates a court to issue a written or oral opinion or memorandum

decision setting forth its findings of facts and conclusions of law,[2] we review

---

[2]  We note a transcript request form was filed by defendant requesting a May 1, 2018 transcript.  The request was marked "Incorrect Proceeding Date" by the Transcript Unit which verified there was no hearing on this matter on the specified date; the last hearing of record was July 23, 2015.  As such, we do not have any other decision from the trial court except the wording of its May 1, 2018 order.

the PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 421 (2004). The same scope of review applies to mixed questions of law and fact. Ibid. Through that lens, we are unpersuaded by defendant's arguments and affirm.

Defendant's sole merits-brief argument is that the PCR court erred in denying her application for PCR counsel under Rule 3:22-6(b) which provides:

> Upon any second or subsequent petition filed pursuant to this Rule attacking the same conviction, the matter shall be assigned to the Office of the Public Defender only upon application therefor and showing of good cause. For purposes of this section, good cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under R. 3:22-4.

This paragraph limits "good cause" to circumstances where the court finds "a substantial issue of fact or law" that signals some merit in the petition. See Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 3:22-6(b) (2020) ("Presumably, a good cause finding in this context means the court's satisfaction that there is some merit in the subsequent petition and that it is not wholly frivolous.")

Of the nine points raised to the PCR court in her second PCR petition,[3]

defendant contends she raised four "significant issues" that warranted the

---

[3] Defendant lists the nine points in her merits brief:

> POINT I
>
> TRIAL ATTORNEY INEFFECTIVE FOR FAILURE TO ADVISE DEFENDANT A DOMINICAN REPUBLIC NATIONAL, OF HER OWN RIGHT TO CONTACT THE DOMINICAN CONSULATE AT THE TIME OF HER ARREST, INDICTMENT AND PROSECUTION DEPRIVED HER OF CONSULAR ASSISTANCE.
>
> POINT II
>
> TRIAL ATTORNEY INEFFECTIVE FOR FAILING TO HAVE THE TESTIMONY OF THE STATE'S COOPERATING AND COMPENSATED WITNESS WHOSE EVENTUAL FREEDOM DEPENDED ON HIS ABILITY TO OBTAIN DEFENDANT'S CONVICTION EXCLUDED BECAUSE HIS TESTIMONY WAS UNRELIABLE, INCONSISTENT AND ITS PROBATIVE VALUE WAS SUBSTANTIALLY OUTWEIGHED BY THE UNFAIR PREJUDICE IT PRODUCED.
>
> POINT III
>
> TRIAL ATTORNEY FAILED TO SEEK A MOTION TO SUPPRESS WHERE IT IS UNDISPUTED THAT THE DEFENDANT COULD NOT SPEAK, READ, WRITE OR UNDERSTAND ENGLISH. DEFENDANT WAS NEVER PROVIDED THE

(continued)

OPPORTUNITY TO REVIEW AND SIGN HER STATEMENTS PRE-TRIAL. THESE STATEMENTS WERE USED AGAINST HER DURING TRIAL.

POINT IV

BECAUSE OF COURT INTERPRETER'S LACK OF PROFICIENT INTERPRETATION EVIDENCED BY NUMEROUS INTERRUPTIONS AND CORRECTIONS OF THEMSELVES AND OF COMMONLY USED WORDS DEPRIVED DEFENDANT OF HER DUE PROCESS RIGHT TO FAIR TRIAL.

POINT V

BECAUSE OF THE STATE'S USE OF ASSISTANT PROSECUTOR WHO ALSO ACTED AS CHIEF OF HOMICIDE EXPOSED DEFENDANT TO CONFIRMATION AND ROLE BIAS WHICH THREATENED HIS OBJECTIVITY AND PREJUDICED DEFENDANT, DENYING HER DUE PROCESS RIGHT TO A FAIR TRIAL.

POINT VI

TRIAL ATTORNEY INEFFECTIVE FOR FAILING TO OBJECT TO TRIAL JUDGE'S FAILURE TO INCLUDE THE DEFENSE'S THEORY OF CASE IN THE JURY INSTRUCTIONS.

POINT VII

DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF PCR APPELLATE COUNSEL FOR

6

(continued)

FAILING TO RAISE ALL ISSUES CITED IN THE PCR PROCEEDINGS FOR CERTIFICATION.

A. PCR APPELLATE COUNSEL FAILED TO RAISE AND ARGUE POINT III OF PCR COUNSEL'S BRIEF: [DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, AND THEREBY HER RIGHTS OF DUE PROCESS AND A FAIR TRIAL, WHEN HER TRIAL ATTORNEY ERRED IN HIS CLOSING ARGUMENTS.

B. PCR APPELLATE COUNSEL FAILED TO RAISE AND ARGUE POINT I OF PCR COUNSEL'S SUPPLEMENTAL BRIEF: [DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, AND THEREBY THE RIGHTS OF DUE PROCESS WHEN HER APPELLATE COUNSEL CONCEDED THAT THE EVIDENCE ESTABLISHED THAT [DEFENDANT] KNOWINGLY PARTICIPATED IN THE BURGLARY AND ROBBERY OF THE RESTAURANT.

C. PCR APPELLATE COUNSEL FAILED TO ADDRESS ISSUES DEFENDANT WISHED TO RAISE ON CERTIFICATION BECAUSE HE FAILED TO RESPOND TO PHONE CALLS AND REQUEST LETTERS WHICH PREJUDICED DEFENDANT PREVENTING HER FROM RECEIVING MEANINGFUL ADJUDICATION OF HER APPEAL.

appointment of PCR counsel, first arguing "her trial attorney was ineffective because she was not advised of her right to contact the Dominican Consulate for assistance and guidance."  If so advised, as required by the Vienna Convention of Consular Relations (the Convention), Apr. 24, 1963, art. 36, 21 U.S.T. 77, 101, she avers she "would have been in a much better position to communicate with her attorney and therefore assist in her defense," and that the Dominican Consul would have been of assistance in explaining her right to testify in her own defense, a right of which she claims was never advised.

A violation of an individual's rights conferred by the Convention will not serve to overturn a conviction absent a showing of prejudice.  State v. Cevallos-Bermeo, 333 N.J. Super. 181, 182-83, 187 (App. Div. 2000).

---

(continued)

POINT VIII

THE CUMULATIVE ERRORS OF TRIAL AND APPELLATE COUNSELS CAUSED PREJUDICE TO THE DEFENDANT DENYING HER THE EFFECTIVE ASSISTANCE OF COUNSEL AND A MEANINGFUL AND VIABLE DEFENSE DURING HER TRIAL AND APPELLATE PROCESS.

POINT IX

ADDITIONAL POINT TO BE RAISED BY THE DISCRETION OF APPOINTED COUNSEL.

A-1287-18T4

> To establish prejudice, defendant must produce evidence that: 1) he [or she] did not know his [or her] right; 2) he [or she] would have availed himself [or herself] of the right had he [or she] known of it; and 3) there was a likelihood that contact with the consul would have resulted in assistance to him [or her].
>
> [Id. at 187.]

Focusing on the third prong, defendant concedes in her merits brief the Consul was unable to render legal advice, id. at 188, thus scotching her argument that Consul could have advised of her right not to testify.

We also note she raised both of her underlying claims in her first petition for PCR. The first PCR court addressed defendant's claim that her trial counsel was ineffective[4] for failing to advise her to testify in her own defense. In its comprehensive written opinion, the first PCR court, which also presided over defendant's trial, determined:

---

[4] Under the well-known standard for determining whether counsel's representation was ineffective a defendant must satisfy the test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); then by proving he or she suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

the record clearly establishe[d] that [defendant] understood she could testify no matter what trial counsel advised. Trial counsel noted on the record that he and [defendant] "talked about this extensively" and "for months." [Defendant] did not disagree with trial counsel's statements at that time. At trial, trial counsel also acknowledged that he advised against [defendant] testifying. [Defendant] did not show any signs of dissatisfaction with this advice or unwillingness to follow it. This [c]ourt also ensured [defendant] understood she had the right to testify by explaining that right to [defendant] in court, even though trial counsel advised her against taking the stand. As the record indicates, [defendant] indicated to this [c]ourt that she understood that trial counsel could not prevent her from exercising this right.

In affirming the first PCR court's decision, we held "[d]efendant made the tactical decision not to take the stand with full knowledge of the consequences of that choice," Terrero II, slip op. at 6, observing that

[a]t the conclusion of all other testimony, the trial judge made clear to defendant that the decision to testify was hers alone. He also advised her, verbatim, of the instruction that he would give to the jury if she chose not to testify, and she chose to have the instruction included in the final charge. As the court was going to recess, the judge offered defendant the opportunity to consult with counsel over the weekend about her choices. Defense counsel indicated that defendant did not need the time to confer because they had extensive prior discussions about defendant's option to testify. Defendant told the court she would accept her attorney's advice and would not testify. After the judge, again, reminded her it was her preference, not counsel's, defendant said, "I know it's my decision."

[Id. at 5-6.]

We also echoed the first PCR court's conclusion that defendant did not establish a prima facie case of ineffective assistance of counsel because she did not proffer what she would have testified to and failed to show that she was prejudiced by her trial counsel's recommendation not to testify.

Defendant's claims regarding her trial counsel's failure to adequately communicate with her in Spanish and that problems with the interpreters utilized at trial, including that "numerous interruptions and corrections [were] needed," were also addressed by the first PCR court which determined that the claims were belied by

> the record, which show[ed] no indication that [defendant] had difficulty understanding the Spanish translators that trial counsel utilized in order to communicate with [defendant], or with the Spanish translators provided by the [c]ourt during trial and during recesses from trial when defense counsel used the [c]ourt[-]provided translator to communicate with [defendant]. Moreover, [defendant] does not present any particular incident or factual support that demonstrates her inability to communicate with trial counsel via the Spanish translators.

The first PCR court also concluded defendant failed to establish that she was prejudiced by trial counsel's conduct, showing that the trial results would have

11

been different if proper translation was provided. We agreed with the first PCR court's ruling. Terrero II, slip op. at 10-11.

Allowing that defendant now couches her arguments in terms of trial counsel's failure to advise her of her rights under the Convention, the first PCR court's determinations, as affirmed on appeal, manifest the absence of any prejudice suffered by defendant as a result of the alleged failure to advise her of her right to contact the Consul. Inasmuch as her conviction will not be overturned without such a showing, Cevallos-Bermeo, 333 N.J. Super. at 182-83, 187, those issues are not sufficiently substantial to require the appointment of PCR counsel under Rule 3:22-6(b).

Furthermore, any issue relating to the conduct of the trial that should have been raised on direct appeal is barred from assertion in a PCR. R. 3:22-4(a). Any issue previously adjudicated is likewise barred. R. 3:22-5. And Rule 3:22-4(b) requires dismissal of a second or subsequent PCR petition, even if timely filed under Rule 3:22-12(a)(2), unless it facially alleges reliance on a previously unavailable and newly recognized constitutional rule of law, R. 3:22-4(b)(2)(A); discovery of a "factual predicate" that "could not have been discovered earlier through the exercise of reasonable diligence," and "the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would

raise a reasonable probability that" the sought relief would be granted, R. 3:22-4(b)(2)(B); or the petition alleges a prima facie case that defendant's first PCR counsel was ineffective, R. 3:22-4(b)(2)(C). Defendant does not rely on any new constitutional principle; the issues relating to her right to testify and her understanding of the translated proceedings were not only apparent for inclusion in her direct appeal and first PCR petition, the previously addressed issues do not raise a reasonable probability of success; and defendant does not make any claim of ineffective assistance of her first PCR counsel. Defendant's second petition, therefore, did not allege on its face a basis to preclude dismissal under Rule 3:22-4; thus, defendant failed to establish good cause for appointment of counsel under Rule 3:22-6(b).

Defendant's remaining merits-brief arguments are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2). We comment briefly that defendant's only other "significant issues" are her general statement that she "raised ineffectiveness of appellate counsel's failure to communicate with her in a meaningful way" and she "specifically left open that there were arguments to be raised" by an assigned counsel. Those vague averments do not establish good cause requiring the appointment of counsel.

We likewise see no merit in the argument raised in defendant's pro se brief—that appellate counsel ineffectively conceded to her detriment that evidence established her knowing participation in the robbery and burglary counts, supporting her liability on the felony murder count and "prohibiting any relief in subsequent appeals"—to warrant any discussion. Ibid. As we concluded on direct appeal, "the [trial] evidence was sufficient to support a reasonable inference[5] that defendant knew that the robbers would be armed with a deadly weapon," Terrero I, slip op. at 18; and that

> her knowledge that [a codefendant] intended to purposely inflict or attempt to inflict serious bodily injury, are each sufficient to support a reasonable inference that she had "the purpose of promoting or facilitating the commission of" first-degree robbery and second-degree burglary, sufficient to support her conviction as an accomplice and as a conspirator for those offenses.
>
> [Id. at 20-21.]

---

5 We considered the issue in the context of defendant's challenge to the trial court's denial of her motion for judgment of acquittal. See State v. Reyes, 50 N.J. 454, 458-59 (1967) (holding, in deciding such a motion, the question the trial judge must determine is whether, "viewing the State's evidence in its entirety, be that evidence direct or circumstantial, and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt").

A-1287-18T4

The first PCR court noted our finding in addressing defendant's contention that appellate counsel's concession was ineffective.  Defendant cannot advance the same argument.  R. 3:22-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1287-18T4